[L. A. No. 9223. In Bank.—June 9, 1927.]

In the Matter of the Estate of EMMA BALLESIO, Deceased.
JOHN BALLESIO, Jr., by His Guardian ad Litem,
Appellant, v. IGNAZIO PONTRELLI, Administrator,
etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—WILLS—FAILURE TO PROVIDE FOR
CHILD.—Where a decedent leaves a surviving child, an instrument
executed by her is incomplete as a testamentary disposition of
her estate if the child is neither provided for nor any inten-
tion shown to omit to provide for it.

[2] ID.—CONSTRUCTION OF WILL.—Where the names of the testatrix and
of the subscribing witnesses were subscribed to the matter appear-
ing on each side of a paper alleged to be a testamentary instru-
ment, this is a material circumstance in determining whether both
sides of the paper, taken together, were intended to constitute the
will of the testatrix.

[3] ID.—APPEAL—FINDINGS OF TRIAL COURT—PRESUMPTIONS.—Where
both sides of a paper claimed to be testamentary in character
were offered for probate, and the trial court found that said
instrument and all thereof was the will as one document, it will
be assumed upon appeal in support of the findings that there was
evidence that the testatrix declared to the subscribing witness
that both sides of the paper constituted her will, in the absence
of evidence brought up on the appeal.

[4] ID. — CONSTRUCTION OF INSTRUMENT. — Where on one side of a
paper claimed to be testamentary in character the decedent de-
vised all her property to a certain party and on the other side
of the instrument the devisee agreed to pay a certain sum to
the son of the testatrix at a certain age, the son not having
been otherwise provided for by the decedent, the entire document
bears the reasonable construction that the testatrix, because of
the promise of the devisee to pay the sum to her son, inten-
tionally omitted to provide for him in the will, and thus satis-
fied section 1307 of the Civil Code.

(1) 18 C. J., p. 838, n. 68.   (2) 40 Cyc., p. 1093, n. 17.   (3) 40
Cyc., p. 1358, n. 72.   (4) 18 C. J., p. 840, n. 2.

APPEAL from an order of the Superior Court of Los
Angeles County admitting a will to probate and from an
order refusing distribution to contestant.   Affirmed.

1.  See 28 R. C. L. 249; 26 Cal. Jur. 917 et seq.

The facts are stated in the opinion of the court.

George De Forrest Home for Appellant.

Turnbull, Heffron & Kelley for Respondent.

WORKS, J., *pro tem.*—This is an appeal from an order admitting the will of Emma Ballesio to probate and from an order refusing to distribute her estate to John Ballesio, her son.

The writing admitted to probate as a will was executed on both sides of a piece of paper. On one side was the following, preceded by a date line:

"I, Emma Ballesio, being of sound mind wish to dispose of my property consistin of one lot at Monterey Calif and one hous and lot located at 2627 Loosmore St Los Angeles Calif and all my othore property and personal and real to Ignazio Pontrelli, to him I give and bequeatch everything.

"(Signed)    EMMA BALLESIO.

"BETTIE F. TURNER.

"JOHN VISCONTI."

On the reverse side of the sheet was the following:

"I Pontrelli Ignazio

"I agree to deposit one thousand dollars $1000.00/100 in the bank for John Ballesio son of Emma Ballesio same pay to him when he will be 21—twenty-one years of age

"EMMA BALLESIO.

"BETTIE F. TURNER.

"JOHN VISCONTI."

The contest filed by appellant was based on grounds which were disposed of by findings of the trial court adverse to the allegations of the contest.

It is contended by appellant, as a question of law arising upon the face of the will, that the trial court "erred in its interpretation of the document admitted to probate as the will of Emma Ballesio in holding that the reverse side of said document with the writing thereon constituted a testamentary instrument." It is said in support of this contention: "The language appearing on the face of the instrument is a clear and unqualified testamentary disposition of the entire estate of deceased to one Ignazio Pontrelli,

while on the reverse side of the same instrument appears an unambiguous and unequivocal statement by Pontrelli Ignazio agreeing to do an act himself." [1] It will be observed, however, as the decedent left a son surviving her, that the "face" of the instrument was incomplete as a testamentary disposition of her estate for the reason that the son is neither there provided for, nor is an intention there shown to omit to provide for him. The son is mentioned only on the reverse side of the paper. Section 1307 of the Civil Code reads, in part: "When any testator omits to provide in his will for any of his children, . . . unless it appears that such omission was intentional, such child . . . has the same share in the estate of the testator as if he had died intestate."

[2] It will be observed, also, that here the name of the testatrix and the names of the subscribing witnesses were subscribed to the matter appearing on each side of the paper. This is a material circumstance in determining whether both sides of the paper, taken together, were intended to constitute the will of the testatrix.

[3] Further, no record of testimony is brought to us in aid of the appeal, and we are therefore justified in assuming that the trial court heard such evidence as would furnish support for its order admitting the will to probate. Both sides of the questioned paper were offered for probate, and the trial court found "that said instrument and all thereof, offered as the will of Emma Ballesio, is the will . . . as one document." We may assume in support of the finding, for instance, that there was evidence that the testatrix declared to the subscribing witnesses that both sides of the paper constituted her will.

[4] The entire document bears the reasonable construction that the testatrix, because of the promise of Pontrelli to pay $1,000 to her son, intentionally omitted to provide for him in the will. Section 1307 of the Civil Code is thus satisfied.

Orders affirmed.

Preston, J., Curtis, J., Shenk, J., Waste, C. J., Seawell, J., and Langdon, J., concurred.